STATE OF INDIANA *v.* THE HENDRICKS CIRCUIT COURT.

[No. 472S39. Filed April 12, 1972.]

*Ferdinand Samper, Sr.,* of Indianapolis, for relator.

*Seth B. Lewis,* of Danville, for respondent.

ARTERBURN, C. J.—This matter came on for hearing upon the Verified Petition for Writ of Mandate and Prohibition

filed on behalf of Relator and Respondents' Verified Motion to Dismiss Petition for Writ of Mandate and Prohibition.

The verified petition for Writ alleges that Relator was convicted of the charge of rape by a jury on March 9, 1972, in Cause No. CR 71-38 in the Hendricks Circuit Court and that before sentencing, Relator's brother filed with the Trial Court a petition for examination of Relator as a possible criminal sexual deviant, pursuant to the provisions of *Burns' Anno. Stat.* (1971), § 9-4001 *et seq.*

Said petition for Writ alleges that the procedure prescribed by *Burns' Anno. Stat.* (1971), § 9-4001 *et seq.* cannot be utilized because it is in conflict with Cr. Rule 11 of this Court, requiring that the trial court "shall" sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty. The Relator seeks a Writ of Prohibition from this Court to prevent the Respondent from sentencing him before the expiration of the thirty (30) days of the finding or verdict of guilty, as required by Cr. Rule 11 of this Court.

Motion for a continuance of the sentencing schedule for March 28, 1972, at 1:00 p.m. was denied by the trial court and said Court further held that the petition for examination of the Relator as a possible criminal sexual deviant is unconstitutional. The Relator contends that this ruling by the trial court will prevent him from the benefits of the procedure prescribed by the criminal sexual deviant statute.

Criminal Rule 11 of this Court provides in part as follows:

"In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty."

Then follows in said rule various requirements imposed upon the trial court advising the defendant of various rights to which he is entitled and of various duties imposed upon him if he wishes to appeal from such finding or verdict of guilty.

Burns' Ind. Stat. Anno. (1971) § 9-4003 provides:

"Petition for examination as criminal sexual deviant—Who may file.— (a)   A petition may be made that a person be examined as a possible criminal sexual deviant after he has been convicted of and prior to sentencing for a sexual offense not excluded by the scope of this chapter [§§ 9-4001—9-4037]."

" (b)   The petition may be made by the prosecuting attorney of the county in which the person was convicted, or by the court wherein the person was convicted, or by the convicted person, or a person on behalf of the convicted person."

The crucial element in the foregoing section of the criminal sexual deviant statute is that the petition for examination as a possible criminal sexual deviant must be made "after he has been convicted of and prior to sentencing for a sexual offense * * *."

The trial court was of the opinion that to follow the provisions of the above statute would deny the defendant's right to appeal since the fulfillment of the various requirements of that 1971 Enactment could consume the time for an appeal without sentencing having been effected. On the other hand, the Relator is of the opinion that the trial court's ruling would effectually deny the Relator from the benefits of the criminal sexual deviant statute.

It is the opinion of this Court that the Relator's Petition for Writ must be denied because it is the clear intent and purpose of Criminal Rule 11 of this Court to require a speedy pronouncement of sentence after conviction, since all rights of appeal, including the filing of a Motion to Correct Errors commences with the act of pronouncement of sentence. However, such a holding is not inconsistent with the intent of the Legislature in its 1971 Enactment of the Criminal Sexual Deviant Statute and when the language of *Burns'* § 9-4003 refers to "prior to sentencing", such is interpreted by this Court to mean "prior to execution of sentence." This interpretation by this Court is wholly in accord with the statute,

while at the same time providing the immediate right to appeal from the pronouncement of sentence. Thus, the commitment only, pursuant to sentencing is delayed so that the benefits of the Criminal Sexual Deviant Statute may be had.

It would further seem to this Court that this scheme of harmony between both Criminal Rule 11 and *Burns'* § 9-4001 *et seq.* will produce the kind of treatment procedure contemplated by the statute and at the same time tend to expedite the right of the defendant to an early appeal of the sentence.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Writ of Prohibition hereby sought is hereby denied and the trial court is Ordered to sentence the Relator consistent with the verdict of the jury; said trial court is further hereby Ordered to withhold commitment of the Relator; and said Court is further Ordered to accord to said Relator the benefits of the procedures prescribed by the Criminal Sexual Deviant Statute of 1971. The Relator's attorney is further authorized to proceed with the appeal of said sentence in the same manner as if such a petition for examination under the Criminal Sexual Deviant Statute had not been filed.

All Justices concur.

NOTE.—Reported in 281 N. E. 2d 89.