CHARLES TAYLOR BIGGS *v.* STATE OF INDIANA.

[No. 3-375A39. Filed December 10, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Charles Taylor Biggs was convicted in the trial court of two unrelated charges of assault and battery with intent to commit a felony, to-wit: rape, in violation of IC 1971,. 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns Supp. 1975). These cases were consolidated on the trial court level. From the overruling of his motion to correct errors, Biggs perfected this appeal. The sole. issue presented by his appeal is whether the trial court committed reversible error in refusing to treat him as a criminal sexual deviant under the provisions of the Indiana Criminal Sexual Deviancy Act, IC 1971, 35-11-3.1-1, et seq. (Burns Code Ed.).

On March 19, 1973, Biggs was arraigned on two separate charges of rape to which he entered pleas of. not guilty. Subsequently he entered pleas of guilty to the aforementioned assault and battery offenses. Since Biggs had not been convicted of rape "committed by force, violence or coercion" the State filed petitions for examination of Biggs as a criminal sexual deviant.[1] Upon the filing of such petitions, the court appointed two duly qualified psychiatrists to perform such examination, and ordered its probation officer to investigate the circumstances surrounding the crimes together with Biggs' history and prior record. On February 8, 1974, a hearing was held on the State's petitions and Biggs was committed to the custody of the Indiana Department of Mental Health for examination pursuant to IC 1971, 35-11-3.1-12 (Burns Code Ed.). Although the resulting staff evaluation of Biggs recommended that he be adjudicated a criminal sexual deviant, the trial court refused to follow such recommendation and continued the case for sentencing.

The function of the trial court upon receipt of a report from the Department of Mental Health concluding that the defendant is a treatable criminal sexual deviant is. set forth in IC 1971, 35-11-3.1-17 (Burns Code Ed.) :

1. Such a petition is improper where the defendant has. been con-victed of rape committed by force, violence or coercion. See, IC 1971, 35-11-3.1-2.1 (Burns Code Ed.).

"Report of department—Effect of conclusion of treatable sexual deviancy.—If the report of the department concludes that the alleged criminal sexual deviant is a criminal sexual deviant and is treatable, the court *may* determine the question of criminal sexual deviancy in accordance with such findings and commit the person to the care of the department to be either confined in a state psychiatric institution or treated by an approved facility, consistent with the report." (Emphasis supplied.)

In *Stiles* v. *State* (1973), 156 Ind. App. 682, 298 N.E.2d 19 (transfer denied), this court considered the discretion vested in trial courts by our criminal sexual deviancy statutes and concluded that the use of the word "may" instead of "shall" in IC 1971, 35-11-3.1-17, *supra,* vested trial courts with a discretion reviewable under the rule enunciated in *State ex rel. Savery, etc.* v. *Marion Cr. C. etc.* (1955), 234 Ind. 632, 130 N.E.2d 128. In *Savery* our Supreme Court held discretion such as this to be "uncontrolled and beyond the review of an appellate court so long as it is not arbitrary, capricious or influenced by fraud." (*Ibid* at 642, at 133 of 130 N.E.2d). Similarly, *see, Hicks* v. *State* (1975), 164 Ind. App. 44, 326 N.E.2d 597.

Biggs acknowledges that the trial court has such discretion in determining the question of criminal sexual deviancy, but contends that the trial court's refusal of such treatment in his case was arbitrary and capricious. However, the record before us discloses that the trial court correctly followed every requirement of the statutory scheme provided by our Legislature for the psychiatric diagnosis and treatment of those convicted of sexual crimes. The trial court ordered a pre-examination investigation into the history and record of the alleged deviant pursuant to IC 1971, 35-11-3.1-6 (Burns Code Ed.). Further, it appointed two qualified physicians following the State's petition pursuant to IC 1971, 35-11-3.1-4 and 35-11-3.1-5 (Burns Code Ed.). Biggs also received the benefit of observation and care in a State psychiatric hospital for a period of 120 days under an order of the trial court pursuant

to IC 1971, 35-11-3.1-12, *supra*. Finally, the trial court held a hearing on the report of the Department of Mental Health to determine the question of appellant's alleged criminal sexual deviancy pursuant to IC 1971, 35-11-3.1-17, *supra*.

Under the provisions of IC 1971, 35-11-3.1-16 (Burns Code Ed.), the filing of a report arising from the diagnostic commitment of appellant to the custody of the Indiana Department of Mental Health concluding that he is a treatable criminal sexual deviant was a precondition to the exercise of any discretion by the trial court on the question of appellant's sexual deviancy. However, upon a consideration of the discretionary language of IC 1971, 35-11-3.1-17, *supra*, it cannot be concluded that the Legislature intended that once such a report is submitted a trial court should be bound by the conclusions reached in the report. Rather, once a favorable report is received the trial court may reach a discretionary determination of the question of sexual deviancy, considering other factors as well. *See,* IC 1971, 35-11-3.1-16; 35-11-3.1-17; and 35-11-3.1-6, *supra*.

In the case at bar, the trial court took note of Biggs' prior record of more than 25 similar attacks on women, including one on a 13-year old girl. The court also considered Biggs use and threatened use of force in such incidents. Under these circumstances, the trial court did not abuse its discretion in refusing to treat Biggs as a criminal sexual deviant. *State ex rel. Savery etc.* v. *Marion Cr. C., etc., supra; Stiles* v. *State, supra.*

No reversible error having been shown, the judgments of conviction of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 316.