MITCHELL CARTER *v.* STATE OF INDIANA

[No. 2-678A218. Filed November 28, 1978.]

*Smith, Pearce, Barr & Howard*, of Noblesville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

YOUNG, J.— Appellant-defendant Carter appeals his conviction of first degree burglary and theft, contending that the trial court committed error when it sentenced him forty-two days after the date of judgment.

The record shows that Carter was charged with four separate offenses to which he entered pleas of not guilty. He was charged with first degree burglary and theft in one information and with theft and conspiracy in a second. On November 8, 1977, the State and the defendant submitted a written plea bargain agreement by the terms of which the appellant agreed to change his plea to first degree burglary in the first information and to theft in the second. The State was to seek dismissal of the other two offenses. The State recommended a sentence of one to ten

years on each plea of guilty. The trial court accepted the agreement, dismissed the other offenses, and entered a judgment of guilty. The court also ordered a presentence report. No date was set for sentencing. When asked if he would waive the thirty day sentencing requirement, Defendant expressly answered that he would not. On December 14, 1977, the trial court, without objection set sentencing for December 20, 1977.[1] On the latter date, the court sentenced Carter to one to ten years for theft and one to ten years for burglary. The court overruled defendant's motion to discharge which asserted error for failure of the court to abide by the thirty day requirement in Ind. Rules of Procedure, Criminal Rule 11. Appellant's Motion to Correct Errors was filed on April 12, 1978, and this appeal followed.

The issue presented for review is whether the court comitted error by denying defendant's motion for discharge wherein defendant contends that the trial court no longer had jurisdiction to sentence defendant as he did not waive the thirty day sentencing requirement and he had not been sentenced within thirty days after judgment.[2]

Carter's reliance on CR. 11 for the relief sought is erroneous. CR. 11 provides in pertinent part that "In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case *on a plea of not guilty within thirty (30) days of the finding or verdict*

---

1.  Notice was given to the parties by telephone.

2.  The contentions as listed by the defendant and set out below present essentially the same question in each case.

   1.  Whether or not the court committed an error of law in overruling the defendant's Motion to Discharge the Defendant pursuant to CR. 11, for the reason that he had not been sentenced within thirty days from the date conviction was entered.

   2.  Whether the court committed an error of law in overruling the defendant's objection to sentencing on the grounds that the court no longer had jurisdiction to sentence the defendant since he had not been sentenced within thirty days from the date of the conviction pursuant to CR. 11.

   3.  Whether the court committed an error of law in overruling the defendant's Motion to Discharge pursuant to CR. 11 for the reason that the defendant had not been sentenced within thirty days of the date conviction was entered, when the defendant had expressly stated that he would not waive the thirty day sentencing requirement of such rule.

*of guilty.*" (emphasis added).[3] This rule does not apply to a defendant who has entered a plea of guilty. The plain language of CR. 11 applies only to a verdict or finding of guilty after a *plea of not guilty.*[4]

Interrelated with CR. 11 is I.C. 1971, 35-4.1-4-1 and 2 (compiled at 35-8-1A-1 and 2 (Burns Code Ed.)[5] which provides that the court shall set a date for sentencing within thirty days from entering judgment of conviction after a verdict, finding or *plea of guilty,* "unless for good cause shown an extension is is [sic] granted."

The trial court, in the instant case, committed error by failing to set a sentencing date when it entered the judgment on November 8, 1977. IC 35-8-1A-2. The trial court did not, however, commit error by failing to sentence Carter until forty-two days had elapsed from the time the judgment was entered. The trial court is excused from exact compliance with IC 35-8-1A-2 where there is "good cause shown" for the delay. The record of November 8, 1977, indicates that the trial court was seeking a presentence report[6] prior to sentencing Carter. Thus, the record reveals that "good cause" was shown for the delay. *Smeltzer v. State* (1962), 243 Ind. 437, 185 N.E.2d 428.

Moreover, under these circumstances, the appropriate remedy would

---

3.   *See State ex rel Stiles v. Hendricks Circuit Court* (1972), 258 Ind. 318, 281 N.E.2d 89, 91 where the Supreme Court discusses the intent and purpose of CR. 11.

4.   Even if Carter was required to be sentenced within thirty days under CR. 11, the trial court is excused from exact compliance where there is good cause for the delay. *Taylor v. State* (1976), 171 Ind. App. 476, 358 N.E.2d 167.

5.   IC 1971, 35-4.1-4-2 is as follows:
Upon entering a conviction the court shall set a date for sentencing within thirty (30) days, unless for good cause shown an extension is is [sic] granted. If a presentence report is not required, the court may sentence the defendant at the time the judgment of conviction is entered. Provided, however, That the court may not pronounce sentence at such time without inquiring as to whether an adjournment is desired by the defendant. When an adjournment is requested, the defendant shall state the purpose thereof and the court may, in its discretion, allow a reasonable time for adjournment.

6.   IC 1971, 35-4.1-4-9 (compiled at 35-8-1A-9 (Burns Code Ed.) provides:
"No defendant convicted of a felony shall be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court. Delay of sentence to await a presentence report does not constitute an indefinite postponement or suspension of sentence."

be imposition of the sentence, not a discharge. *Taylor v. State* (1976), 171 Ind. App. 476, 358 N.E.2d 167, 172, discussing the remedies available when sentencing has not been timely, held that the:

... availability of discharge for a person found guilty of a criminal offense but not promptly sentenced is limited to circumstances where the record discloses a deliberate attempt upon the part of the court to withhold sentence or where the facts disclose a delay in the imposition of sentence without excuse or justification for such a period of time as to offend basic notions of fundamental fairness if the court were to then impose sentence.

The decision of the trial court is affirmed.

Chipman, P.J., concurs.

Miller, J., concurs.

NOTE—Reported at 382 N.E.2d 986.