Kenneth E. NORTH, Jr.,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–778A182.

Court of Appeals of Indiana,
Fourth District.

June 26, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

MILLER, Presiding Judge.

Defendant-Appellant, Kenneth E. North, Jr., appeals the denial of his petition for

post-conviction relief (Ind.Rules of Procedure, Post-Conviction Rule 1). In the trial court, North entered a plea of guilty to sodomy[1]. Following his guilty plea North petitioned the trial court for treatment under the provisions of the then in effect Criminal Sexual Deviant Act[2] and subsequently was committed for treatment as a Criminal Sexual Deviant (CSD) for a period not to exceed fourteen (14) years.[3] In this appeal he alleges:

1. Sentence was not imposed within thirty days of his guilty plea as required by IC 1971, 35–8–1A–2 (Burns Code Ed.);[4]

2. His commitment to Norman Beatty Hospital was obtained in violation of the procedural provisions of the Criminal Sexual Deviant Act;

3. His guilty plea was not knowingly, intelligently or voluntarily entered in that he was not fully advised pursuant to the requirements of Ind.Code 35–4.1–1–3.

We agree with the second contention. The record does not reveal he was present at the commitment hearing, nor was his absence explained. Accordingly, we reverse and remand for further proceedings.

On December 19, 1975 North entered a plea of guilty to sodomy and the trial court ordered a pre-sentence investigation to be conducted by its probation officer. On the same day North filed a petition for examination as a possible criminal sexual deviant. Two physicians were appointed by the court to examine him. On December 22, the probation officer filed his pre-sentence report. A hearing was scheduled on January 9, 1976 and after said hearing, at which North appeared with counsel, he was found to be a probable criminal sexual deviant and ordered committed to the care of the Indiana Department of Mental Health for observation and diagnosis for a period of one hundred twenty (120) days. Thereafter, on June 30, a formal report of the staff of Norman Beatty Hospital was submitted to the trial court recommending North be adjudicated a CSD. And on July 9 the court ordered North committed for treatment "by an appropriate facility" as a CSD.

## I.

North's initial contention is the trial court lost jurisdiction over him by failing to sentence him for sodomy within thirty days after its finding of guilt. The record before us discloses North was committed for treatment as a CSD and was never sentenced for sodomy by the trial court. North argues the court had a duty to impose a sentence within thirty days of conviction according to IC 1971, 35–8–1A–2 (Burns Code Ed.)[5] and our Supreme Court's decision in *State ex rel. Stiles v. Hendricks Circuit Court*, (1972) 258 Ind. 318, 281 N.E.2d 89.

We disagree. In *Stiles*, the defendant pled not guilty to a charge of rape and was found guilty after a jury trial. Thereafter, before sentencing, a petition for examination of Stiles as a possible CSD was filed. The trial court denied the petition as well as a motion for continuance of sentencing, apparently reasoning that, because the CSD statute[6] requires a CSD petition to be filed after conviction but before sentencing, the statute would unconstitutionally postpone sentencing and hence the defendant's right

---

1. IC 1971, 35–1–89–1 (Burns Code Ed.) (repealed effective July 1, 1977), a crime punishable by imprisonment for not less than two years nor more than fourteen years. For current law on deviate sex crimes see Ind.Code 35–42–4–2.

2. Commitment for treatment of convicted felons as criminal sexual deviants is no longer available as an alternative to imprisonment. The CSD statute, IC 1971, 35–11–3.1–1 *et seq.* (Burns Code Ed.), was repealed effective September 1, 1979. For current provisions on sentencing and commitment see Ind.Code 35–5–2–1—35–5–2–5, 35–50–1–1—16–14–9.1–18, 16–14–12–10.

3. IC 1971, 35–11–3.1–19 (Burns Code Ed.) repealed by Acts 1979, P.L. 294, Sec. 1) provided the length of a criminal sexual deviant's commitment shall not exceed the maximum penalty for the crime of which he was convicted.

4. For current law see Ind.Code 35–4.1–4–2.

5. For current law see Ind.Code 35–4.1–4–2.

6. IC 1971, 35–11–3.1–3 (Burns Code Ed.) (repealed effective September 1, 1979).

of appeal. Stiles then sought from our Supreme Court a Writ of Prohibition to prevent the trial court from sentencing him before the expiration of thirty days, even though Ind.Rules of Procedure, Criminal Rule 11, requires such prompt sentencing.[7] Stiles argued compliance with C.R. 11 would effectively deny him the benefits of the criminal sexual deviant statute. In resolving this apparent conflict, the Court directed the trial court to sentence Stiles, but further ordered a stay in execution of that sentence pending the outcome of the CSD examination. Stiles' appeal rights on the merits were thus preserved.

We find *Stiles* distinguishable from the case before us. In *Stiles*, our Supreme Court was concerned with the apparent conflict between the CSD provisions and C.R. 11. That Rule provides, in pertinent part, "the trial court shall sentence a defendant convicted in a criminal case *on a plea of not guilty* within thirty [30] days of the finding or verdict of guilty. [Emphasis added.]" In the instant case the defendant pled guilty, and thus the apparent conflict in *Stiles* did not arise. The provisions of C.R. 11 have no application to the case at bar. See *Carter v. State*, (1978) Ind.App., 382 N.E.2d 986. Nor is the reasoning of *Stiles* apposite. Stiles' right to appeal his conviction would not have commenced until sentence were pronounced; adherence to the various requirements of the CSD Act may have indefinitely delayed appeal from his conviction. Such prejudice does not arise in the instant case, however, since North was convicted on the basis of his own plea of guilty.[8]

We similarly conclude IC 1971, 35–8–1A–2 (Burns Code Ed.) did not require sentencing of North. That statute provided:

"Upon entering a conviction the court shall set a date for sentencing within thirty [30] days, *unless for good cause shown an extension is is [sic] granted.* If a presentence report is not required, the court may sentence the defendant at the time the judgment of conviction is entered. Provided, however, That the court may not pronounce sentence at such time without inquiring as to whether an adjournment is desired by the defendant. When an adjournment is requested, the defendant shall state the purpose thereof and the court may, in its discretion, allow a reasonable time for adjournment. [Emphasis added.]"

We believe "good cause" within the meaning of this statute[9] is facially present where, as in the instant case, a defendant petitions for CSD treatment pursuant to the applicable statutes and is by consequence committed as a CSD without being sentenced. Such CSD treatment is, in effect, "an alternative form of punishment." *Warner v. State*, (1976) 265 Ind. 262, 271, 354 N.E.2d 178, 184. In so applying the

7. That rule states:
"INSTRUCTIONS BY JUDGE AFTER FELONY TRIAL
'In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty [30] days of the finding or verdict of guilty.'
Following the sentencing of such defendant, the judge shall immediately advise the defendant as follows:
(1) that he is entitled to file a motion to correct errors which must be done within sixty [60] days of the sentencing;
(2) that he is entitled to take an appeal from the judgment, but if he wishes to do so, he must first file a timely motion to correct errors and he must file a praecipe designating what is to be included in the record of the proceedings on appeal within thirty [30] days of the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited."

8. We are, of course, cognizant that even after a plea of guilty a sentence may be appealed as an erroneous sentence pursuant to Ind.Rules of Procedure, Criminal Rule 16, and Ind.Rules of Procedure, Trial Rule 59(A)(7). Therefore, in the event a CSD is found to be untreatable, and is returned to the trial court and sentenced pursuant to IC 1971, 35–11–3.1–12 (Burns Code Ed.) or IC 1971, 35–11–3.1–16 (Burns Code Ed.) or IC 1971, 35–11–3.1–23 (Burns Code Ed.), he would still have a right to appeal the lawfulness of his sentence.

9. A similar "good cause" exception exists with respect to C.R. 11. *Taylor v. State*, (1976) Ind.App., 358 N.E.2d 167.

sentencing statute in a manner not discordant with the CSD provisions, we are cognizant of the fundamental rule of statutory construction that "[t]here is a strong presumption that the legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject" . . "[s]tatutes relating to the same general subject matter are in pari materia and should be construed together to produce a harmonious system." *Economy Oil Corp. v. Indiana Department of State*, (1975) 162 Ind.App. 658, 321 N.E.2d 215, 218 (citations omitted). It follows that "alternative form[s] of punishment" should be harmoniously applied.

■ We further note the settled rule of law in this state that a defendant complaining of a delay in sentencing must show he was in some way prejudiced by such delay, and he is not entitled to complain where he is himself responsible for the imprompt sentencing. *Alford v. State*, (1973) 155 Ind.App. 592, 294 N.E.2d 168. North initiated the CSD proceeding by filing his petition. And since we have determined he was not harmed insofar as appeal of his conviction is concerned, it follows he was not prejudiced because no sentence was executed within thirty days. *State ex rel. Stiles v. Hendricks Circuit Court, supra.*

## II.

■ It is North's further contention his present commitment for treatment as a criminal sexual deviant is invalid and must be set aside for the reason the commitment was obtained in violation of the Criminal Sexual Deviant Act. We agree, and conclude a proper hearing should be held to determine whether North is now in need of treatment.[10]

■ It was the purpose of the Criminal Sexual Deviant Act to provide, at the trial court's discretion, rehabilitative treatment rather than imprisonment and in making its determination the trial court is required to adhere to the statutory schedule.[11] *Stiles, supra; Biggs v. State*, (1975) 167 Ind.App. 181, 338 N.E.2d 316; *Berwanger v. State*, (1974) 262 Ind. 339, 315 N.E.2d 704. Among the various provisions of the Act is the following: "[t]he alleged criminal

10. We note the various alternatives, following a proper hearing, include in this case continued treatment, release, or—where further treatment is shown to be futile—sentencing or probation as ordered by the court with credit for time spent under commitment. *See* IC 1971, 35–11–3.1–22, 23 (Burns Code Ed.) Obviously, a current psychiatric report is necessary. On remand the trial court should order such current report from the appropriate officials consistent with the general procedures of IC 1971, 35–11–3.1–14 (Burns Code Ed.), or, if appropriate, a petition for discharge upon successful completion of treatment pursuant to IC 1971, 35–11–3.1–30 (Burns Code Ed.).

11. We do not agree, however, with North's conclusion that failure to conform to the letter of the CSD statutory provisions requires his *immediate release*. No cogent argument is presented on this question. We believe where the hearing procedures in cases such as this are defective, the appropriate remedy is to order a proper hearing as soon as the defendant directs the appellate court's attention to such error. *See, e. g., People v. Breese*, (1966) 34 Ill.2d 61, 213 N.E.2d 500.

North contends his release is also required because he alleges, he was held under a temporary commitment for over 120 days contrary to the provisions of IC 1971, 35–11–3.1–12 (Burns Code Ed.) and because the psychiatric report filed pursuant to I.C. 35–11–3.1–14 (Burns Code Ed.) did not state the approximate length of treatment as required by that statute. It is true the cited statutes state the period of temporary commitment is not to exceed 120 days and that the report "shall" state the approximate length of treatment. We note, however, such language may be regarded as merely directory where a literal interpretation of the provision would defeat the real purpose of the statute. *Allen County Department of Public Welfare v. Ball Memorial Hospital Association, Inc.*, (1969) 253 Ind. 179, 252 N.E.2d 424. Moreover, where the purpose and intent of a statutory mandate are satisfied, our courts will not reverse for mere procedural errors unless the defendant can demonstrate he was harmed by such errors. *Kindred v. State*, (1977) Ind. App., 365 N.E.2d 776. No such showing was made in the instant case, where North petitioned for a CSD treatment and did not object, for example, by petitioning the trial court to compel the Department of Mental Health to precisely comply with the statutory procedure. Of course, even where there is a serious defect in the CSD procedure, it does not follow that a defendant must be released; jurisdiction may nevertheless be retained for the "alternative form of punishment" of sentencing.

sexual deviant shall be entitled to counsel, have the right to call his own witnesses or cross-examine any witness during *any hearing under this chapter.* [emphasis added]" [12] Under this statute, a defendant clearly has the right to be present during the final judicial determination of what our Supreme Court in *Warner v. State, supra,* termed "an alternative form of punishment."

We conclude the trial court failed to afford the protections of this statute in the instant case. The facts show an order of the Fulton Circuit Court dated July 7 and entered July 9 committed North to an "appropriate facility" of the Department of Mental Health.[13] The commitment was for a period not to exceed 14 years.[14] Although a hearing on said commitment was set for July 7, the record does not show North, then in custody, was ever personally notified of or presented at any commitment proceeding.[15] Nor does the record disclose any explanation for either his absence on the day set for hearing, or the court's fail-

ure to properly notify him. In addition, we do not feel mere notification would have satisfied the requirements of the statute inasmuch as North was then in custody under the court commitment and such notice would have been ineffective without action of the court ordering his presence. Thus, even assuming he was aware of the court-ordered hearing on commitment, he was effectively denied the right to be personally present as anticipated by the statute. Nor did he waive such right. Although North himself filed the petition requesting that he be examined as a "possible sexual deviant," such petition does not, of course, serve as a waiver of North's rights under the CSD Act. Even if he acquiesced in the court's determination he was a CSD, he may have sought a hearing to object to the particular mode of treatment ordered by the court. We conclude a proper hearing must now be held.[16]

### III.

▆ In remanding this action we note we do not agree with North's final conten-

---

**12.** IC 1971, 35–11–3.1–13 (Burns Code Ed.) (repealed effective September 1, 1979).

Our Legislature has afforded a similar protection under Ind.Code 16–14–9.1–9(e) with respect to general commitment proceedings:

"(e) The person alleged to be mentally ill has the right:

(1) to receive adequate notice of the hearing so that he or his attorneys can prepare for the hearing;

(2) to receive a copy of the petition or order;

(3) to be present at the hearing, subject to the court's right to remove him if he is disruptive to the proceedings or the court's right to waive his presence at the hearing if it would be injurious to his mental health or well-being; and

(4) to be represented by counsel."

**13.** The order stated:

"State of Indiana in Court of Prosecuting Attorney; *defendant in Court by attorney.*

The court now examines the recommendation of the Dr. Norman M. Beatty Memorial Hospital.

The Court now finds that the defendant herein is a criminal sexual deviate and is treatable as such. Defendant is ordered committed as a criminal sexual deviant to the Department of Mental Health for treatment by an appropriate facility consistent with said report filed herein.

Clerk sent copies to attorneys and to Dr. Norman M. Beatty Memorial Hospital (emphasis added)."

**14.** As specified by IC 1971, 35–11–3.1–19 (Burns Code Ed.), "[t]he length of the criminal sexual deviant's commitment under this chapter shall not exceed the maximum penalty for the crime of which he was convicted," here 14 years.

**15.** The commitment order recites North was "present in Court by attorney;" and the findings of fact on North's post-conviction petition state notice of the commitment hearing was sent to his attorney. We believe a different question may be presented if North's attorney had presented evidence of a waiver by North of his right to be present. Even in a criminal case involving a misdemeanor where no jail sentence can be imposed and thus the defendant may waive his right to be present, such waiver must recite the maximum sentence and be signed and acknowledged by the defendant. Ind.Code 35–4.1–4–4.

**16.** Since we have determined the appropriate statute was not followed with respect to the court-ordered hearing, we need not decide the question urged by North, whether a defendant in such circumstances has a due process right to a hearing and to be present at such hearing.

tion his guilty plea was not knowingly, intelligently and voluntarily entered as a matter of law. The specific argument advanced by North is that he was not informed of his rights and applicable law as required by subsections (b), (d) and (e) of Ind.Code 35–4.1–1–3.[17] That statute provides:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his right to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

When a court determines the voluntariness of a guilty plea it must ascertain whether the defendant was meaningfully informed of his rights as required by this statute. *Turman v. State*, (1979) Ind., 392 N.E.2d 483.

In making such determination, a Court may look to the entire record to decide whether a particular defendant understood his constitutional rights and was properly advised. *Neeley v. State*, (1978) Ind., 382 N.E.2d 714. When such understanding is shown, however, reversal is not required simply because the prosecutor rather than the trial judge advised the defendant of his rights. *Ewing v. State*, (1976) Ind.App., 358 N.E.2d 204. Similarly, when the record shows a plea agreement was entered into which adequately informed the defendant of his constitutional rights our courts have not reversed because the trial judge inadvertently failed to orally inquire whether the defendant understood such rights. *Clark v. State*, (1978) Ind., 383 N.E.2d 321.

We accordingly review the facts before us to determine whether North's guilty plea was voluntarily entered within the settled meaning of the statute. The record reveals on December 15, 1975, North was charged by Information with four counts of sodomy. On the same day North made a voluntary statement to the police in which he stated he performed a sex act with his step-son which is the same sex act alleged in count one of the Information. On December 19, North, who was represented by counsel, entered into a plea agreement with the State in which the State agreed to forego prosecution of counts two, three, and four, in return for North's plea of guilty to count one of sodomy, subject to the trial court's acceptance of the agreement.

Upon being informed a plea agreement had been entered into, the trial judge on December 19, extensively questioned North regarding his understanding of the plea and whether he understood his rights. We note IC 35–4.1–1–3(b) provides the trial court shall inform the defendant "that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information . . . and that upon entry of such plea the court shall proceed with judgment and sentence." The record in this case does not disclose such a statement was contained in the plea agreement or made by the trial judge. However, we observe the trial

---

**17.** Although North does not attack his guilty plea on the basis of subsections (a) and (c) of that statute we note there was compliance with the requirements of those provisions.

judge did read the information to North and ask him whether he fully understood the charge contained in count one to which North responded in the affirmative. Furthermore, North testified under oath that he had performed the sex act with his stepson as alleged in count one of the Information and that all the statements made by him in his statement given to the police on December 15 were true. Hence, we conclude that the record is sufficient to show that North was aware that by his plea of guilty he was admitting to the truth of the facts alleged in the Information.[18] *Turman v. State, supra.*

The sentencing statute also provides the trial judge shall inform the defendant "of the maximum possible sentence and minimum sentence for the offense charged . . . ." IC 35–4.1–1–3(d). In the case at bar the record shows the prosecutor read the sodomy statute at the arraignment in the presence of North. The statute specifies the minimum and maximum sentence to be imposed upon a conviction of sodomy, and North specifically acknowledged his understanding of the penalty for the crime charged. Further, in examining the entire record as dictated by *Neeley, supra,* we find North was also made aware of this fact by the following paragraph of the plea agreement:

"9. Kenneth Eugene North, Jr., acknowledges receipt of information informing him of the maximum and minimum sentences and fines possible under the charge of sodomy."

Finally, IC 35–4.1–1–3(e) provides the trial judge shall inform the defendant the court is not bound by a plea agreement. The judge did not inform North of this fact; but in reviewing the entire record we find he was informed by the plea agreement, which contains the following paragraphs:

"7. It is expressly understood by the defendant that the court is not a party to his agreement and is not bound thereby.

8. It is expressly understood and agreed by and between the Prosecuting Attorney and the Defendant's attorney, William H. Deniston, however, that if the court fails to accept this agreement, the Prosecutor will permit the Defendant to withdraw his plea of guilty and if necessary will join the Defendant in a Motion to Withdraw said plea of guilty and all parties agree that this agreement shall be null and void in all respects."

Furthermore, the plea bargain was, in fact, followed by the court, and thus North cannot claim any harm caused by the procedure followed. *Ewing v. State, supra.*

Thus, on the basis of the entire record we conclude that North was fully advised of the rights and law detailed in IC 35–4.1–1–3.

We accordingly reverse and remand for the reasons set forth herein.

YOUNG and GARRARD (by designation), JJ., concur.

---

**18.** We further observe the record shows the judge stated "if you were to plead guilty to this crime, then it would be the duty of this court to assess the penalty within the limits fixed by the legislature for the crime charged . . . ."

Although North was not specifically told "that upon entry of such plea the court shall proceed with judgment and sentence," the statute was in effect complied with since North was to be examined in accordance with the "alternative punishment" provided by the Criminal Sexual Deviant Act and was informed of such substitute procedures for sentencing in the plea bargain agreement and at the December 19 hearing.