


FILED
Oct 22 2024, 8:56 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Reginald D. Akins, Jr.,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

October 22, 2024

Court of Appeals Case No.
23A-CR-2893

Appeal from the Delaware Circuit Court

The Honorable Judi L. Calhoun, Judge

Trial Court Cause No.
18C01-2011-F5-173

---

**Opinion by Judge Pyle**
Judges May and Brown concur.

**Pyle, Judge.**

## Statement of the Case

Reginald D. Akins, Jr. ("Akins")[1] appeals the trial court's denial of his motion to withdraw his guilty plea. Akins argues that the trial court: (1) did not timely sentence him pursuant to Criminal Rule 11; and (2) abused its discretion when it denied his motion to withdraw his guilty plea. Finding no error or abuse of discretion, we affirm the trial court's judgment.

We affirm.

## Issues

1. Whether the trial court timely sentenced Akins pursuant to Criminal Rule 11.

2. Whether the trial court abused its discretion when it denied Akins' motion to withdraw his guilty plea.

## Facts

In November 2020, the State charged Akins with Level 5 felony possession of methamphetamine, Class A misdemeanor driving while suspended, Class A misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia in Cause No. 18C01-2011-F5-173 ("Cause F5-173"). In June

---

[1] The chronological case summary on appeal shows the defendant's name as Atkins. However, the chronological case summary and record from the trial court show the defendant's name as Akins. We will refer to defendant as Akins.

2022, Akins filed a motion to proceed pro se. After a hearing, the trial court granted Akins' request to proceed pro se.[2]

[4] On September 13, 2022, Akins, pro se, pleaded guilty to Level 5 felony possession of methamphetamine pursuant to a plea agreement. In exchange for his guilty plea, the State agreed to dismiss all of the remaining charges in Cause F5-173. The trial court held a change of plea hearing, during which the trial court notified Akins of his constitutional rights and explained that Akins would be giving up his constitutional rights. Akins told the trial court that he understood his rights and that he had not been promised anything or threatened by anyone in exchange for his plea. Additionally, Akins, while under oath, testified to a factual basis for his Level 5 felony possession of methamphetamine charge and pleaded guilty pursuant to his plea agreement. At the conclusion of the hearing, the trial court took the plea agreement under advisement, set a sentencing hearing for October 12, 2022, and ordered the probation department to file a pre-sentence investigation report. The trial court released Akins out on his own recognizance until his sentencing in Cause F5-173 so that he could hire an attorney for one of his other pending cases.[3]

[5] At his October 12, 2022 status conference and sentencing hearing, Akins asked the trial court to continue his sentencing hearing in Cause F5-173. Specifically,

---

[2] This hearing was not included in the record on appeal.

[3] Akins had a total of at least eight pending cases including Cause F5-173.

Akins asked the trial court to continue his sentencing so that he could attend substance abuse treatment at Mockingbird Hill. The trial court granted Akins' request and reset all of Akins' pending cases for a status hearing in January 2023.

[6] At his January 2023 status hearing, Akins' counsel, who represented Akins on some of his other pending cases, but not in his F5-173 case, appeared and informed the trial court that Akins did not have any new pending charges and was currently in substance abuse treatment. Akins' counsel requested another status hearing for all of Akins' cases in ninety days. The trial court set another status hearing for April 19, 2023.

[7] In April 2023, the State charged Akins with, among other charges, Level 2 felony dealing in methamphetamine and Level 2 felony dealing in a narcotic drug in Cause No. 18C01-2304-F2-12 ("Cause F2-12"). At the April 2023 hearing, the trial court held an initial hearing on Cause F2-12 and set a discovery status hearing for May 24, 2023. The trial court also set all of Akins' other pending cases for a status hearing on May 24, 2023.

[8] At the May 24, 2023 hearing, the trial court set the plea acceptance and sentencing hearing in Cause F5-173 for June 5, 2023. Akins did not object to the trial court's scheduling of his plea acceptance and sentencing hearing. Finally, the trial court appointed a public defender to represent Akins in Cause F5-173.

[9] Akins filed a motion for discharge on June 5, 2023, arguing that he had not been sentenced within thirty days in violation of Criminal Rule 11 and that his F5-173 case should be dismissed. At his June 5, 2023 sentencing hearing, Akins requested to be discharged under Criminal Rule 11. Akins testified that it was not his "fault that a continuance [had been] given" and that he did not "even remember if a continuance was given." (Supp. Tr. at 35). On cross-examination, the State asked Akins if he had asked the trial court to release him pending sentencing so that he could attend treatment. Akins denied ever making any such request. The State argued that Akins was not entitled to discharge based on him not being sentenced within thirty days. Instead, the State asserted that the remedy for a failure to sentence within thirty days was an imposition of a sentence. Further, the trial court reviewed the recordings of the October 12, 2022 hearings and it explained to Akins that he had requested a continuance of his sentencing in order to attend treatment.

[10] The trial court denied Akins' motion for discharge. In its order, the trial court found that the original sentencing date had been "scheduled within thirty (30) days of the change of plea[.]" (App. Vol. at 228). The trial court further found that "the sentencing was set within the proper time" and that the continuance of Akins' sentencing hearing was due to "the specific request of [Akins]." (App. Vol. 2 at 229). The trial court found that "good cause was shown for the delay of the sentencing." (App. Vol. 2 at 229).

[11] Also at his June 5, 2023 hearing, Akins moved to withdraw his guilty plea. The trial court reminded Akins that he was represented by counsel, and Akins'

counsel told the trial court that he would file the motion. The trial court set a hearing for June 7, 2023 on Akins' motion to withdraw his guilty plea and for sentencing. On June 6, 2023, Akins filed a motion to withdraw his guilty plea. In his motion, Akins stated that he wanted to withdraw his guilty plea because: (1) he had been proceeding pro se when he had entered the guilty plea; (2) he wanted to contest the charges against him; (3) he had not been timely sentenced pursuant to Criminal Rule 11; and (4) he wished to appeal and the plea agreement had waived that right.

[12] On June 7, 2023, the trial court held a hearing on Akins' motion to withdraw his guilty plea and for sentencing. At the hearing, Akins argued that he had entered into the plea agreement while pro se and that he had a "suppression issue" that he wanted to raise that would be waived if the trial court accepted the plea agreement. (Tr. Vol. 2 at 24). Akins further argued that these reasons amounted to a manifest injustice and that the State would not be prejudiced by the withdrawal of the guilty plea. The State argued that it would be prejudiced by a withdrawal of the guilty plea because Akins had entered into the plea agreement six days before his scheduled jury trial.

[13] The trial court explained that it had reviewed the record from the September 13, 2022 hearing and had listened to the recording of the hearing. The trial court stated that it had determined that Akins had been advised of his constitutional rights, had validly waived those rights, had waived his appeal rights, and had participated in establishing a factual basis before pleading guilty. The trial court also noted that Akins had received the benefit of the three remaining charges in

Cause F5-173 being dismissed pursuant to the plea agreement and that he had signed the plea agreement. The trial court denied Akins' motion to withdraw his guilty plea.

The trial court entered a judgment of conviction for Akins' Level 5 felony possession of methamphetamine charge. The trial court sentenced Akins to three (3) years executed at the Indiana Department of Correction. In November 2023, Akins filed a motion for permission to file a belated notice of appeal. In December 2023, the trial court granted Akins' motion.

Akins now belatedly appeals.

## Decision

Akins argues that the trial court: (1) failed to timely sentence him pursuant to Criminal Rule 11; and (2) abused its discretion when it denied his motion to withdraw his guilty plea. We address each of his arguments in turn.

## 1. Criminal Rule 11

Akins first argues that he is entitled to discharge under Indiana Criminal Rule 11 because the trial court did not sentence him within thirty days of his guilty plea. Indiana Criminal Rule 11 provides that "[u]pon entering a conviction, whether the acceptance of a guilty plea or by finding or by verdict, the court shall sentence a defendant convicted in a criminal case within thirty (30) days of

the plea or the finding or verdict of guilty, unless an extension for good cause is shown."[4]  *See also* I.C. § 35-38-1-2(b).

[18]  Specifically, Akins argues that the trial court "deliberately postpone[d] indefinitely the pronouncement of judgment and sentence" and thus, Akins' "conviction and sentence in this case should be discharged."  (Akins' Br. 9). We disagree.

[19]  Our review of the record reveals that Akins is not entitled to discharge.  Akins pleaded guilty pursuant to a plea agreement at his September 13, 2022 hearing. Akins requested a continuance at his October 12, 2022 sentencing hearing so that he could attend substance abuse treatment.  Thus, Akins' sentencing was delayed by his own request and good cause was shown for any such delay. Akins' arguments primarily focus on the fact that the chronological case summary does not provide any reason for a delay.  However, the transcript of the October 12, 2022 hearing reveals that sentencing was delayed because Akins requested a continuance so that he could attend substance abuse treatment.  *See North v. State*, 406 N.E.2d 657, 661 (Ind. Ct. App. 1980) (holding that a defendant claiming violation of sentencing rules must show prejudice and cannot complain when he is responsible for the delay).  Additionally, Akins did not object when the trial court set a new sentencing date at his May 2023 hearing.  *See Waters v. State*, 65 N.E.3d 613, 618 (Ind. Ct. App. 2016) (holding

---

[4] Indiana Criminal Rule 11 was replaced by Indiana Criminal Rule 5.1 effective January 1, 2024.

that a defendant who does not object to the scheduling of a hearing beyond the thirty-day limit cannot claim error on appeal).

[20] Further, the remedy under these circumstances is an imposition of sentence, not a discharge. *See McCormick v. State*, 382 N.E.2d 172, 177 (Ind. 1978) (finding that discharge is limited to circumstances where the record shows a deliberate attempt by a trial court to withhold sentencing or where sentencing is delayed by a trial court without any excuse or justification "for such a period of time as to offend basic notions of fundamental fairness" if a sentence was imposed). Our review of the record reveals that neither of these circumstances are present. Therefore, we find no error under Criminal Rule 11.

## 2. Guilty Plea

[21] Akins also argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. INDIANA CODE § 35-35-1-4 governs motions to withdraw guilty pleas. After a defendant pleads guilty, but before a sentence is imposed, a trial court "may allow" the defendant to withdraw his plea of guilty "for any fair and just reason" unless the State has been "substantially prejudiced by reliance on the defendant's plea." I.C. § 35-35-1-4(b). The court "shall allow" a defendant to withdraw a guilty plea whenever the defendant proves that withdrawal of the plea is "necessary to correct a manifest injustice." *Id.*

[22] "[A] trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling[,]" and a defendant seeking to

overturn such a ruling faces a "high hurdle[.]" *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Garcia v. State*, 193 N.E.3d 1046, 1048 (Ind. Ct. App. 2022) (citing I.C. § 35-35-1-4(b)). "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer*, 652 N.E.2d at 62).

[23] Our review of the record reveals that Akins entered into the plea agreement freely and knowingly. At his guilty plea hearing, Akins stated that he had both understood his constitutional rights and had agreed to waive those rights. Further, Akins admitted, under oath, to committing Level 5 felony possession of methamphetamine.

[24] Akins' challenge on appeal is that he should have been able to withdraw his guilty plea because he had been proceeding pro se when he had entered into the plea agreement and that he had wished to raise a suppression issue, which he contends amounted to a manifest injustice. However, Akins does not cite to any case law or authority in support of this contention. Further, Akins was proceeding pro se at his change of plea hearing. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Also, Akins, by pleading guilty, both admitted the facts as alleged by the State and waived his right to a trial.

[25] Akins has failed to overcome the "high hurdle" of seeking to overcome the trial court's denial of his motion. *See Coomer*, 652 N.E.2d at 62. Accordingly, we hold that the trial court did not abuse its discretion when it denied Akins' motion to withdraw his guilty plea.

[26] Affirmed.

May, J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Joseph P. Hunter
Quirk and Hunter, P.C.
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana