
FILED
May 13 2016, 5:40 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Simons,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 13, 2016<br><br>Court of Appeals Case No.<br>20A03-1512-CR-2158<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Stephen R. Bowers, Judge<br><br>Trial Court Cause No.<br>20D02-1412-F2-002 |

**Pyle, Judge.**

# Statement of the Case

David Simons ("Simons") appeals his sentence imposed following his guilty plea to Level 2 felony burglary while armed with a deadly weapon[1] and Level 5 felony intimidation.[2] Simons does not challenge the actual sentence imposed; instead, he argues that the trial court erred by failing to advise him of his earliest release date and maximum possible release date pursuant to INDIANA CODE § 35-38-1-1(b). Concluding that the trial court's failure to advise Simons of his possible release dates was harmless error, we affirm his sentence.

We affirm.

# Issue

Whether the trial court's failure to advise Simons of his possible release dates was harmless error.

# Facts

In December 2014, the State charged Simons with Level 2 felony burglary while armed with a deadly weapon and Level 5 felony intimidation. On October 13, 2015, after a jury had already been selected for his trial, Simons pled guilty as charged. The trial court accepted his guilty pleas and, thereafter, imposed an

---

[1] IND. CODE § 35-43-2-1(3)(A).

[2] I.C. § 35-35-45-2-1.

aggregate sentence of twenty-nine (29) years, with twenty (20) years executed and nine (9) years suspended to probation. Simons now appeals his sentence.

## Decision

[4] Simons argues that the trial court erred by failing to advise him of his earliest release date and maximum possible release date pursuant to INDIANA CODE § 35-38-1-1(b). He asserts that he was "entitled to such an advisement" and requests that we remand this case "so that the trial court can comply with this statute." (Simons' Br. 1, 2).

[5] INDIANA CODE § 35-38-1-1(b) provides that when a trial court pronounces a defendant's sentence, "the court *shall* advise the person that the person is sentenced for not less than the earliest release date and for not more than the maximum possible release date." (Emphasis added).

[6] The State acknowledges the language of the statute and that the trial court did not advise Simons of any possible release dates. The State, however, argues that "Simons fail[ed] to identify any prejudice resulting from the lack of such an advisement, and therefore [wa]s not entitled to any relief under Appellate Rule 66(A)[.]" (State's Br. 5). We agree.

[7] In *Hines v. State*, 856 N.E.2d 1275 (Ind. Ct. App. 2006), *trans. denied*, a defendant made the same appellate argument that Simons now makes, i.e., that the trial court failed to comply with the pronouncement requirement in INDIANA CODE § 35-38-1-1(b). Noting that Hines had in "no way allege[d] that he was prejudiced or harmed in any way by the trial court's failure[,]" we

determined that the trial court's lack of advisement of possible release dates was harmless error upon which we could not grant relief. *Hines*, 856 N.E.2d at 1284-85 (citing App. R. 66(A)). We also noted that the Department of Correction calculated a defendant's earliest possible release date and listed such date on its website. *See id.* at 1284 n.9.

[8] Here, as in *Hines*, Simons has not alleged that he was prejudiced or harmed by the trial court's failure to advise him of his earliest release date and maximum possible release date. Although the trial court did not make the advisement as set forth in INDIANA CODE § 35-38-1-1(b), such failure was harmless error. *See, e.g.*, *Hines*, 856 N.E.2d at 1284-85. Nonetheless, when a statute uses the word "shall" it is considered "mandatory language creating a statutory right to a particular outcome after certain conditions are met." *Taylor v. State*, 7 N.E.3d. 362, 365 (Ind. Ct. App. 2014). As a result, such an advisement is statutorily required when a sentence is pronounced by Indiana's trial courts.[3] Each case is different, and the facts of another case might not lead to the same harmless error result. But here, we affirm Simons' sentence.

[9] Affirmed.

Kirsch, J., and Riley, J., concur.

---

[3] We note that the Indiana Criminal Benchbook, which is published by the Indiana Judicial Center and distributed to trial judges, contains an example of such an advisement. *See* Ind. Crim. Benchbook § 68.25.000 (3d ed. 2001).