# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 30 2016, 9:30 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry L. Ward,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 30, 2016<br><br>Court of Appeals Case No.<br>20A03-1512-CR-2241<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Dean O. Burton, Judge Pro Tempore<br><br>Trial Court Cause No.<br>20D01-1503-F5-59 |

**Najam, Judge.**

## Statement of the Case

Jerry L. Ward appeals his sentence after a jury found him guilty of battery, as a Level 5 felony. On appeal, Ward argues only that the trial court erred when it pronounced his sentence because the court did not advise him of his earliest possible release date or his maximum possible release date, as the court was required to do pursuant to Indiana Code Section 35-38-1-1(b) (2014). The State concedes that the trial court did not properly advise Ward but asserts that Ward's appeal must fail as he has not argued, let alone demonstrated, that the trial court's error affected his substantial rights. We agree with the State and affirm Ward's sentence.

## Facts and Procedural History

On October 1, 2015, a jury found Ward guilty of battery, as a Level 5 felony. Thereafter, the trial court sentenced Ward to six years in the Department of Correction, with four years executed and two years suspended to supervised probation. In pronouncing Ward's sentence, the trial court did not advise him that he would be sentenced for not less than the earliest possible release date and for not more than the maximum possible release date. This appeal ensued.

## Discussion and Decision

Ward appeals the trial court's failure to advise him of his earliest and maximum possible release dates. According to Indiana Code Section 35-38-1-1(b): "When the court pronounces the sentence, the court shall advise the person that the person is sentenced for not less than the earliest release date and for not

more than the maximum possible release date." The State concedes that the trial court erred when it did not follow that statutory instruction.

[4] However, demonstration of error alone is not sufficient to establish reversible error on appeal. *See* Ind. Appellate Rule 66(A). Indeed, in a similar recent appeal (also involving Ward's appellate counsel), we explained:

> In *Hines v. State*, 856 N.E.2d 1275 (Ind. Ct. App. 2006), *trans. denied,* a defendant made the same appellate argument that Simons now makes, i.e., that the trial court failed to comply with the pronouncement requirement in INDIANA CODE § 35-38-1-1(b). Noting that Hines had in "no way allege[d] that he was prejudiced or harmed in any way by the trial court's failure[,]" we determined that the trial court's lack of advisement of possible release dates was harmless error upon which we could not grant relief. *Hines*, 856 N.E.2d at 1284-85 (citing App. R. 66(A)). . . .
>
> Here, as in *Hines*, Simons has not alleged that he was prejudiced or harmed by the trial court's failure to advise him of his earliest release date and maximum possible release date. Although the trial court did not make the advisement as set forth in INDIANA CODE § 35-38-1-1(b), such failure was harmless error. *See, e.g.*, *Hines*, 856 N.E.2d at 1284-85. Nonetheless, . . . [e]ach case is different, and the facts of another case might not lead to the same harmless error result. . . .

*Simons v. State*, --- N.E.3d ---, 2016 WL 2772102 at *1 (Ind. Ct. App. May 13, 2016).

[5] We agree with *Simons* and *Hines*. As in those cases, here Ward has made no argument whatsoever that the trial court's error in any way prejudiced or harmed him. It is the appellant's burden to persuade this court that the error

complained of requires reversal. Ward has not carried his burden in this appeal. We affirm his sentence.

[6]     Affirmed.

Robb, J., and Crone, J., concur.