

FILED

Aug 09 2016, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edgardo A. Henriquez, | August 9, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A04-1510-CR-1841 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable Teresa L. Cataldo |
| *Appellee-Plaintiff* | Trial Court Cause No. 20D03-1211-FA-73 |

**Vaidik, Chief Judge.**

# Case Summary

Edgardo Henriquez was convicted of Class A felony child molesting and sentenced to forty years, with ten years suspended to probation. Henriquez appeals, arguing that the trial court was required to advise him of his earliest and latest possible release dates pursuant to Indiana Code section 35-38-1-1(b) but failed to do so. Because trial courts are not equipped to determine these dates and Henriquez has not shown that he was harmed by the trial court's failure to estimate the dates, we affirm. We also urge the legislature to revisit Indiana Code section 35-38-1-1(b), which imposes an impracticable burden on our trial courts.

# Facts and Procedural History

A jury found Henriquez guilty of Class A felony child molesting, and the trial court sentenced him to forty years, with ten years suspended to probation. At sentencing, the trial court advised Henriquez, pursuant to Indiana Code section 35-38-1-1(b), that he was sentenced for "not less than the earliest release date and [] for not more than the maximum possible release date." Tr. p. 637. However, the trial court did not identify specific "earliest" or "maximum" release dates.

Henriquez now appeals.

# Discussion and Decision

[4] Henriquez argues that the trial court failed to comply with Indiana Code section 35-38-1-1(b), which provides: "When the court pronounces the sentence, the court shall advise the person that the person is sentenced for not less than the earliest release date and for not more than the maximum possible release date." Henriquez contends that this statute requires trial courts to provide specific minimum and maximum release dates, not simply a recitation of the statutory language as the trial court did here.

[5] In interpreting a statute, our goal is to determine and give effect to the intent of the legislature. *George v. Nat'l Collegiate Athletic Ass'n*, 945 N.E.2d 150, 154 (Ind. 2011), *reh'g denied*. We will avoid an interpretation that renders any part of the statute meaningless or superfluous. *Gargano v. Lee Alan Bryant Health Care Facilities, Inc.*, 970 N.E.2d 696, 702 (Ind. Ct. App. 2012), *reh'g denied*.

[6] One way to interpret Section 35-38-1-1(b) would be to say that it requires the trial court to tell the defendant exactly what the provision says: "You are sentenced for not less than the earliest release date and for not more than the maximum possible release date." In fact, this is the sort of advisement the Indiana Criminal Benchbook recommends. *See* Ind. Crim. Benchbook § 68.25.000 (3d ed. 2001, supplemented through July 2014). However, such an advisement provides no meaningful information to the defendant and therefore serves no purpose. Thus, we presume that the legislature did not intend for the statute to be interpreted this way. *See Gargano*, 970 N.E.2d at 702.

[7] The only other plausible interpretation of the language is that the trial court is required to advise the defendant of specific potential release dates. However, it would be incredibly difficult, if not impossible, for a trial court to determine these dates with any certainty. The trial court would have to consider not only the term of the sentence but also the term of any other concurrent or consecutive sentence, credit time earned before sentencing, the maximum amount of credit time in the current credit class, possible educational credit time, and the possibility of parole and probation violations and revocations down the road. *See Hines v. State*, 856 N.E.2d 1275, 1284 n.9 (Ind. Ct. App. 2006), *trans. denied*. At best, the trial court could provide an estimate. *Id.* But providing estimated rather than precise release dates may lead to more confusion than clarity for the offender. Moreover, any mistake by the trial court would open the door to future collateral sentencing attacks.

[8] In any event, to the extent that the trial court "erred" by failing to provide specific dates, estimated or otherwise, Henriquez has not shown that he was harmed in any way by this omission. We will not reverse based on a harmless error. *See* Ind. Appellate Rule 66(A); *Simons v. State*, No. 20A03-1512-CR-2158, --- N.E.3d --- (Ind. Ct. App. May 13, 2016); *Hines*, 856 N.E.2d at 1284-85. We therefore affirm the judgment of the trial court. We also take this opportunity to encourage our legislature to reconsider Indiana Code section 35-38-1-1(b) and the unworkable obligation it places on our trial courts.

[9] Affirmed.

Najam, J., concurs.

Baker, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edgardo A. Henriquez, *Appellant-Defendant,* | Court of Appeals Case No. 20A04-1510-CR-1841 |
| v. | |
| State of Indiana, *Appellees-Plaintiff.* | |

**Baker, Judge, dissenting.**

Although I fully agree with almost all of the majority's analysis, I respectfully part ways with its final two paragraphs and dissent from the result it reaches. The plain language of Indiana Code section 35-38-1-1(b) *requires* trial courts to advise a defendant being sentenced "that the person is sentenced for not less than the earliest release date and for not more than the maximum possible release date." This language is not ambiguous. It may be true, as the majority opines, that this task "would be incredibly difficult, if not impossible," for trial courts to accomplish. Slip op. p. 4. Nonetheless, our General Assembly has mandated this action, and it is not within our purview to exempt trial courts

from a mandatory statute simply because it may be difficult to comply with its requirements.

[11] I certainly disagree that this task is "impossible." Yes, it is complicated, and yes, it will require consideration of multiple factors and calendars. But I am confident that the trial judges of this State are up to the task. I do not anticipate that trial courts will have to speculate whether a defendant may participate in any programs that might engender a time reduction, but I do believe that the clear statutory language requires the trial court to attempt to calculate the earliest date a defendant could be released and also the outside limit of the possible actual time of incarceration. The mere fact that a statutory requirement is difficult to fulfill cannot possibly mean that it can be ignored altogether.

[12] Therefore, I would remand this cause to the trial court so that it can include the statutorily required advisement in a new sentencing order. I agree with my colleagues that this lapse provides no relief for this defendant.