## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 02 2018, 5:31 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Govan
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Govan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 2, 2018<br><br>Court of Appeals Case No.<br>02A03-1708-CR-1946<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-0411-FB-196 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Kevin Govan appeals the denial of his motion to correct erroneous sentence. Finding no error, we affirm.

# Facts and Procedural History

[2] In 2005, Govan was convicted of two counts of Class B felony criminal confinement. The trial court sentenced Govan to fifteen years on each count and ordered that each sentence be "enhanced by 5 years," Appellant's App. Vol. II p. 2, pursuant to Indiana Code section 35-50-2-11, which allows for sentence enhancements for certain offenses (including Class B felony criminal confinement) where a defendant "used a firearm in the commission of the offense." The court ordered the resulting sentences on the two counts (twenty years each) to run consecutive to one another, for a total of forty years. In August 2017, Govan filed a motion to correct erroneous sentence, claiming that the trial court erred in imposing the firearm enhancements. The trial court denied the motion, and Govan now appeals.[1]

---

[1] When Govan filed his motion to correct erroneous sentence, he also filed a "Petition for Earned Additional Good Time Jail Credit." He pointed out that his Judgment of Conviction indicates the amount of time he spent in jail before sentencing (221 days) but not the amount of "good time" credit he is entitled to as a result of having spent that time in jail (an additional 221 days, for a total of 442 days). He argued that this omission violates Indiana Code section 35-38-3-2(b)(4), which at the time of his sentencing in 2005 provided that a judgment of conviction must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Govan asked the trial court to "correct" the judgment accordingly. Appellant's App. Vol. II p. 20. The trial court also denied this petition, and Govan raised the issue in his opening brief in this appeal. In its appellee's brief, the State notes that our Supreme Court rejected the same claim in *Robinson v. State*, explaining: "Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the

# Discussion and Decision

[3] Govan contends that the trial court erred by denying his motion to correct erroneous sentence. A trial court can grant a motion to correct erroneous sentence only where an error is "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[4] Govan asserts that the trial court should have granted his motion for three reasons, all relating to the firearm enhancements. We disagree.

[5] First, Govan argues that the trial court erred by stating in the judgment that each of his fifteen-year sentences for criminal confinement are to be "enhanced by 5 years" (thereby incorporating the firearm enhancements into the confinement sentences) instead of stating that the five-year enhancements are separate terms that are to run "consecutive" to the confinement sentences. He relies on Indiana Code section 35-50-1-2(f) (formerly subsection (e)), which provides: "If the factfinder determines under [Section 35-50-2-11] that a person used a firearm in the commission of the offense for which the person was

Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." 805 N.E.2d 783, 792 (Ind. 2004). The Court added that "the omission of designation of the statutory credit time entitlement is thus corrected by this presumption[.]" *Id.* Based on *Robinson*, the State argues that the trial court did not err by denying Govan's petition to have the judgment "corrected." In his reply brief, Govan did not respond to the State's argument or otherwise address the credit-time issue. We agree with the State and affirm the trial court's denial of Govan's petition.

convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed under [Section 35-50-2-11] **must be served consecutively**." (Emphasis added). While Govan is arguably correct that Section 35-50-1-2(f) required the trial court to state in the judgment that the firearm enhancements are to run consecutive to the sentences for criminal confinement, he has not told us how he has been harmed by the trial court's failure to do so, nor has he told us how he would, or could, benefit from the judgment being amended. "We will not reverse based on a harmless error." *Henriquez v. State*, 58 N.E.3d 942, 944 (Ind. Ct. App. 2016), *trans. denied*; *see also* Ind. Appellate Rule 66(A); *North v. State*, 406 N.E.2d 657, 661 n.11 (Ind. Ct. App. 1980) ("[W]here the purpose and intent of a statutory mandate are satisfied, our courts will not reverse for mere procedural errors unless the defendant can demonstrate he was harmed by such errors.").

[6] Second, Govan asserts that the trial court erred by ordering the two firearm enhancements to run consecutive to one another because there is no "express statutory authorization" for such an order. Appellant's Br. p. 14. We rejected this precise argument in *Lumbley v. State*, 74 N.E.3d 234, 240 (Ind. Ct. App. 2017), *trans. denied*, and Govan makes no argument that we got it wrong there or that his case is distinguishable.

[7] Third, Govan contends that the trial court sentenced him to "an additional fixed term of 10 years for the use of a firearm," Appellant's Br. p. 14, even though the version of Section 35-50-2-11 in effect at the time of his offenses provided for an additional term of only five years, *see* Ind. Code Ann. § 35-50-2-

11 (West 2004). But the trial court did not impose "an additional fixed term of 10 years." It imposed two additional fixed terms of five years each—one relating to each count of criminal confinement. To the extent that Govan argues that Section 35-50-2-11 permits the imposition of only one firearm enhancement in any given case, regardless of the number of offenses committed or the particular facts of the case, we disagreed with that argument the last time Govan was before us, and he has not given us any reason to revisit the issue. *See Govan v. State*, No. 02A04-1608-CR-1880 (Ind. Ct. App. May 15, 2017), *trans. denied*.

[8]     Affirmed.

May, J., and Altice, J., concur.