## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2018, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shannon Graves, | September 24, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 48A05-1712-CR-2986 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, | The Honorable Mark Dudley, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 48C06-1407-F5-1329 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Shannon Graves appeals the trial court's order requiring him to serve the balance of his sentence for burglary and theft in the Indiana Department of Correction after violating his probation. We affirm.

# Facts and Procedural History

[2] In June 2015, Graves pled guilty to Level 5 felony burglary and Level 6 felony theft. The trial court sentenced him to five years, with three years executed and two years suspended to probation. The trial court gave Graves "the privilege of serving [his] executed time on in-home detention." Appellant's App. Vol. II p. 67. Graves was placed on in-home detention on July 1, 2015.

[3] The next month, the home-detention program filed a notice of violation of executed/suspended sentence alleging that Graves had violated the conditions of his in-home detention and probation by using illegal drugs and failing to pay fees. The home-detention program amended its notice in September, alleging that Graves had, once again, violated the conditions of his in-home detention and probation by removing his home-detention transmitter and committing the crimes of escape and theft. In February 2016, after an evidentiary hearing, the trial court found that Graves had violated the conditions of his in-home detention. *Id.* at 101. The court ordered Graves to serve two years, with credit for time already served, in the Department of Correction and "to return to [the] Probation Department for balance of sentence." *Id.* at 98; *see also id.* at 102

("Defendant to return to Probation following release to serve balance of sentence."). Graves was released from the DOC in January 2017.

[4] In May 2017, the probation department filed a notice of violation of probation alleging that Graves had failed to keep the probation department informed of his address and to report to the probation department. Five months later, the probation department amended its notice and alleged that Graves had, again, violated his probation by committing burglary and other offenses in Cass County in August 2017. In November 2017, the trial court held an evidentiary hearing to determine whether Graves had violated his probation. At the beginning of the hearing, Graves admitted that he violated his probation by (1) failing to keep the probation department informed of his address and (2) failing to report. Tr. pp. 5-6. The court noted Graves's admissions and then heard evidence regarding the alleged criminal offenses.

[5] Officer Bryce Hall, a patrolman with the Logansport Police Department, testified that on August 25, 2017, while investigating a burglary, he spoke with Bethami Skinner at her apartment. Officer Hall testified that Skinner told him that Graves was her boyfriend, she had overheard him plan the burglary, and she saw him bring "multiple pill bottles with the name Susan and credit cards with the name Susan" into their apartment. *Id.* at 10 (Susan was the name of the burglary victim). During this portion of Officer Hall's testimony, Graves objected, arguing that what Skinner told Officer Hall was "self-serving" and "not reliable hearsay." *Id.* at 11, 38. The trial court overruled the objection and found that while Skinner may have had "a reason not to be completely honest

with the officer," her testimony was still admissible as reliable hearsay. *Id.* at 12; *see also id.* at 40. At the end of the evidentiary hearing, the trial court found that the State proved by a preponderance of the evidence that Graves violated his probation by committing burglary.

[6]     At the dispositional hearing, the trial court sentenced Graves to serve "the balance of his sentence" in the DOC. *Id.* at 53. The court explained that its sentence was based on Graves's two admitted violations and its finding that he committed burglary:

> [Burglary], I can't say that [it] doesn't play a [role] but it's not one of the major [ones], it's probably equal. [A]nd why do I say that? Formal supervision is just that, supervision. And if you don't report and you don't notify your probation officer . . . that's not supervision. That's the exact opposite of what is designed by probation. [I]t is a[n] objective act that you have engaged in saying that I don't want to be supervised . . . and you made admissions to that . . . and in addition to that comment I do have a new criminal offense that I found against you . . . . I have found that the State has met its burden of proof. [A]nd so for those two (2) reasons the Court's sanction is to revoke the balance to the Department of Correction[] less . . . credit.

*Id.* at 50-51. The trial court's sanctions order stated that Graves was to serve five years in the DOC less 879 days of credit time.[1]

---

[1] Graves argues that the sanctions order and abstract of judgment contain a "scrivener's error" because they provide that his probation-violation sentence is five years instead of three. Appellant's Br. p. 16. Although Graves might be technically correct, *see* Ind. Code § 35-38-2-3(h), he has not demonstrated any harm. In sentencing Graves to five years for violating his probation, the trial court gave him credit for every day he

Graves now appeals.

# Discussion and Decision

Graves makes a two-part argument. First, he contends that the trial court's finding that he violated his probation by committing burglary was based on hearsay that was not "substantially reliable" and that the finding should therefore be reversed. Appellant's Br. p. 15. Graves then argues that, with that finding reversed, the trial court's sanction is inappropriate because "[i]t cannot be concluded that the same sanction would have been imposed in this case if the burglary had not been improperly relied on." *Id.* at 16. He asks that the case be "remanded to the trial court to reconsider what sanction to impose for the defendant's admitted violations of failure to report and failure to keep probation informed of his address." *Id.* at 17.

We do not need to address the hearsay issue Graves raises. The trial court made clear that it considered his other violations to be just as serious as committing burglary. *See* Tr. pp. 50-51. As such, even if we were to agree with Graves that the burglary finding was erroneous, we would not send the case back to the trial court, since we are confident that it would have imposed the same sanction regardless of the burglary finding. And even if we thought that

---

had served up to the time of disposition—a total of 879 days. As such, regardless of the trial court's characterization of the sanction, Graves will not ultimately serve any more time than he was originally sentenced to. We will not reverse based on harmless error. *See* Ind. Appellate Rule 66(A); *Henriquez v. State*, 58 N.E.3d 942, 944 (Ind. Ct. App. 2016), *trans. denied.*

the burglary finding was critical to the trial court's sentence, a remand to the trial court, which is the relief Graves seeks, would be futile. In May of this year, after Graves filed his notice of appeal in this case, he pled guilty to the burglary in Cass County. *State v. Shannon Graves*, No. 09C01-1708-F4-000020 (Cass Cir. Ct. May 17, 2018). Thus, on remand, Graves would end up in the same position he is now because he has since been convicted of committing the very criminal offense he claims not to have committed. For these reasons, we will not disturb the trial court's resolution of this matter.

[10] Affirmed.

Riley, J., and Kirsch, J., concur.